## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| OLGA ISSAENKO, | Civil No. 13-3605 (JRT/SER) |
| Plaintiff, | |
| v. | |
| UNIVERSITY OF MINNESOTA, MARTINA BAZZARO, REGENTS OF THE UNIVERSITY OF MINNESOTA, RICHARD B. BEESON, DEAN E. JOHNSON, CLYDE E. ALLEN, LAURA M. BROD, LINDA A. COHEN, THOMAS W. DEVINE, JOHN R. FROBENIUS, DAVID M. LARSON, PEGGY E. LUCAS, DAVID J. McMILLAN, ABDUL M. OMARI, PATRICIA S. SIMMONS, KAREN HANSON, DOUGLAS YEE, TUCKER W. LeBIEN, LINDA CARSON, and FRANCES LAWRENZ, | **MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| Defendants. | |

Olga Issaenko, 3700 Westmark Drive, Minnetonka, MN 55345, *pro se*.

Brian J. Slovut, **UNIVERSITY OF MINNESOTA, OFFICE OF THE GENERAL COUNSEL**, 200 Oak Street Southeast, Suite 360, Minneapolis, MN 55455, for defendants.

This action arises out of plaintiff Olga Issaenko's brief tenure as a research scientist at the University of Minnesota Masonic Cancer Center, where she worked in the laboratory of defendant Dr. Martina Bazzaro. Issaenko alleges that Bazzaro improperly claimed Issaenko's scientific work and research as her own. Issaenko further alleges that Bazzaro and others damaged her career by disseminating false statements about her

scientific research.  Defendants Tucker LeBien and Frances Lawrenz, both administrators at the University of Minnesota, have moved for judgment on the pleadings for the sole claim against them, tortious interference.  Bazzaro, in the same motion, moves for judgment on the pleadings for the two claims against her, tortious interference and promissory estoppel.  In a Report and Recommendation ("R&R") dated January 25, 2016, United States Magistrate Judge Steven E. Rau recommended that the Court grant the motion with respect to the claim against LeBien and Lawrenz, but deny it with respect to the claims against Bazzaro.  Issaenko now objects to the R&R.

Based on a *de novo* review, the Court finds that Issaenko has failed to state a claim for tortious interference against LeBien and Lawrenz.  The Court will therefore overrule Issaenko's objections, adopt the R&R to the extent it is consistent with this opinion, and grant the motion for judgment on the pleadings to the extent it seeks dismissal of the tortious interference claim against LeBien and Lawrenz.

## BACKGROUND

A detailed and comprehensive factual background for this case – which will not be repeated here – can be found in this Court's September 30, 2014 Order.  *Issaenko v. Univ. of Minnesota* ("*Issaenko I*"), 57 F. Supp. 3d 985 (D. Minn. 2014).  In *Issaenko I*, the Court granted in part Defendants' motion to dismiss, dismissing all claims against all Defendants with the exception of tortious interference and promissory estoppel claims against Bazzaro in her individual capacity.  *Id.* at 1040.  The Court also granted in part Issaenko's motion to amend her complaint, but only to assert a claim for tortious

interference against LeBien and Lawrenz in their individual capacities.  *Id.*  In granting in part Issaenko's motion to amend, the Court thoroughly reviewed a proposed Second Amended Complaint ("Proposed Second Amended Complaint") that she submitted as an attachment.  (Mot. for Leave to Amend Pl.'s First Am. Compl., Attach. 1 ("Proposed Second Am. Compl."), June 5, 2014, Docket No. 38.)  Based on this review, the Court concluded that all other asserted claims therein would be futile.  *Issaenko I*, 57 F. Supp. 3d at 992.  Issaenko subsequently filed a Second Amended Complaint, which is nearly identical to the Proposed Second Amended Complaint that the Court reviewed in *Issaenko I* with the exception of a few minor and immaterial differences – Issaenko added and deleted several defendants and also deleted one date.  (*Compare* Proposed Second Am. Compl. ¶¶ 8-23, 91, *with* Second Am. Compl. ¶¶ 8-31, 99, Nov. 29, 2014, Docket No. 67.)  Importantly, all of the factual allegations relevant to her tortious interference claim against LeBien and Lawrenz are the same.  (*Compare* Proposed Second Am. Compl. ¶¶ 24-113, 154-201, *with* Second Am. Compl. ¶¶ 32-121, 162-209.)

On April 13, 2015, LeBien, Lawrenz, and Bazzaro moved for judgment on the pleadings, and the motion was referred to the Magistrate Judge.  (Mot. for J. on the Pleadings, April, 13, 2015, Docket No. 77.)  In the R&R, the Magistrate Judge recommended that the Court grant the motion in favor of LeBien and Lawrenz.[1]  (R&R at

---

[1] The Magistrate Judge made the opposite recommendation with regard to the claims against Bazzaro.  Bazzaro argued that the Court should decline to exercise supplemental jurisdiction over the claims against her – both state law claims – because the Court had already dismissed all other claims over which it had original jurisdiction.  The Magistrate Judge rejected this argument, noting that if the Court declined to exercise supplemental jurisdiction, this "may

(Footnote continued on next page.)

19, Jan. 25, 2016, Docket No. 105.)  The Magistrate Judge found that Issaenko's tortious interference claim was premised entirely on statements that LeBien and Lawrenz made to a scientific journal called Cell Cycle that Issaenko alleges were defamatory ("the Cell Cycle statements").  (*Id.* at 16.)  The Magistrate Judge noted that this Court, in *Issaenko I*, already found that the Cell Cycle statements were protected by qualified privilege and that amending the complaint to add a defamation claim against LeBien and Lawrenz would be futile.  (*Id.* at 15-16.)  Because Issaenko did not raise any new or viable arguments regarding why qualified privilege still did not apply, the Magistrate Judge determined that Issaenko could not circumvent the qualified privilege defense by restating her futile defamation claim as a claim for tortious interference.  (*Id.* at 16-17.)  On this ground, the Magistrate Judge recommends dismissal.  Issaenko now objects to the R&R.  (Pl.'s Objs. to the R&R, Feb. 2, 2016, Docket No. 107.)

## DISCUSSION

## I.   STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b).  "The district

_____

(Footnote continued.)

have a dispositive effect on [Issaenko's] ability to litigate her claims against Bazzaro."  (R&R at 18.)  Bazzaro has not objected and the Court, having conducted a *de novo* review, concurs with the Magistrate Judge's recommendation.  The Court will therefore deny the motion to the extent it seeks dismissal of the claims against Bazzaro.

judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).

In reviewing a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the Court applies the same standard as it would on a motion to dismiss pursuant to Rule 12(b)(6).  *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009).  Accordingly, the Court is required to "'accept as true all factual allegations set out in the complaint' and to 'construe the complaint in the light most favorable to the [plaintiff], drawing all inferences in [the plaintiff's] favor.'"  *Ashley Cty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) (quoting *Wishnatsky v. Rovner,* 433 F.3d 608, 610 (8th Cir. 2006)).  Although a complaint need not contain "detailed factual allegations," it must contain sufficient factual allegations "to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Issaenko makes numerous objections to the R&R.  Because many of the objections overlap, involve the same issues, or have multiple parts, the Court will organize them into five groupings.

## II.   ISSAENKO'S OBJECTIONS

### A.   Erroneous Factual Findings

Issaenko contends that the Magistrate Judge made two erroneous factual findings. She first challenges the Magistrate Judge's finding that her "response [to Lawrenz and LeBien's motion for judgment on the pleadings] was due on May 4, 2015, and none was filed."  (R&R at 3.)  Issaenko notes that she did file a response, albeit six months late on

November 9, 2015.  The Court will overrule this objection because the Magistrate Judge explicitly cited Issaenko's November 9, 2015, filing and relied on it in preparing the R&R.  (R&R at 3-4 ("Issaenko . . . filed a memorandum in opposition to the Motion for Judgment on the Pleadings *pro se*.").)

Issaenko also challenges the Magistrate Judge's factual finding that she "did not respond to Defendants' letter" regarding the applicability of the affirmative defense of qualified immunity.  (R&R at 4.)  Issaenko argues that the Magistrate Judge ordered her not to respond and that she would have responded had she been given the chance.  The Court will overrule this objection as well, however, because no response from Issaenko was needed.  LeBien and Lawrenz's letter to the Court operated as a withdrawal of their qualified immunity defense, and the Magistrate Judge specifically noted that the Court would "not address that issue in this Report and Recommendation."   (R&R at 4.)  Issaenko suffered no prejudice as a result of not being able to respond to the letter because the Magistrate Judge resolved the qualified immunity issue in her favor.

## B.    Tortious Interference Based on the Cell Cycle Statements

Issaenko next argues that the Magistrate Judge erred in recommending that her tortious interference claim relating to Cell Cycle statements be dismissed.  Issaenko raises four specific objections:  (1) the Magistrate Judge erred in finding that the qualified privilege that precluded her defamation claim against LeBien and Lawrenz also precludes her present tortious interference claim; (2) the Magistrate Judge, for various reasons, erred in finding that LeBien and Lawrenz are entitled to qualified privilege for their Cell

Cycle statements; (3) the Magistrate Judge erred in not considering several public websites; and (4) the Magistrate Judge improperly concluded that certain documents could not be considered because they were outside the pleadings.  Based on a *de novo* review, the Court will overrule these objections.

In *Issaenko I*, this Court denied Issaenko's motion to amend her complaint to add a defamation claim against LeBien and Lawrenz regarding their Cell Cycle statements. 57 F. Supp. 3d at 1035.  The Court concluded that those statements were protected by qualified privilege because they were made upon a proper occasion, for a proper purpose, and were based upon reasonable or probable cause.  *Id.* at 1032-34.  The Court also found that Issaenko had not made any allegations that LeBien and Lawrenz acted with malice (which is required to defeat the application of qualified privilege).  *Id.* at 1035.  In her Second Amended Complaint, Issaenko now asserts a tortious interference claim against LeBien and Lawrenz based on these same Cell Cycle statements, but she has not pleaded any new factual allegations that the Court did not already consider in *Issaenko I.  Id.* at 1032-35.  (*Compare* Proposed Second Am. Compl. ¶¶ 24-113, 154-201, *with* Second Am. Compl. ¶¶ 32-121, 162-209.)  Under Minnesota law, a "plaintiff is not permitted to avoid defenses to a defamation claim by challenging the defamatory statements under another doctrine." *Guzhagin v. State Farm Mut. Auto. Ins. Co.*, 566 F. Supp. 2d 962, 969 (D. Minn. 2008).  Here, that is exactly what Issaenko is attempting to do.[2]  Accordingly,

---

[2]  Issaenko argues that her tortious interference claim is premised on LeBien and Lawrenz's **conduct** in communicating with Cell Cycle, and not their allegedly defamatory Cell Cycle statements.  But the Court rejects this argument.  Issaenko's allegation – that LeBien and

(Footnote continued on next page.)

because the Court has already decided that LeBien and Lawrenz's Cell Cycle statements are entitled to qualified privilege and also because the Second Amended Complaint includes no new factual allegations affecting that decision, Issaenko's attempt to repackage her futile defamation claim as one for tortious interference cannot succeed.

Issaenko nevertheless asks the Court to consider certain public websites and other documents, which she argues prove that LeBien and Lawrenz's Cell Cycle statements were made upon an improper occasion, for an improper purpose, and without reasonable or probable cause, and that Defendants acted with malice.  But as the Magistrate Judge noted, the Court need not consider matters outside the pleadings on a motion for judgment on the pleadings.  *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) ("When considering a motion for judgment on the pleadings . . . , the court generally must ignore materials outside the pleadings.").  And even if the Court were to consider these sources, they do not actually defeat the application of qualified privilege.[3]

_____

(Footnote continued.)

Lawrenz made false and disparaging statements to Cell Cycle – is an allegation that sounds in defamation.  "[R]egardless of creative labeling, claims that arise out of purported defamatory statements are properly analyzed under the law of defamation."  *MSK EyEs Ltd. v. Wells Fargo Bank*, No. 05-99, 2007 WL 1965549, at *8 (D. Minn. July 3, 2007).

[3] Issaenko, for example, cites to various University of Minnesota websites to support her argument that LeBien and Lawrenz failed to conduct an adequate investigation and acted outside the scope of their administrative duties.  But in analyzing the application of qualified privilege on a motion for judgment on the pleadings, the Court looks only to the allegations on the face of the Second Amended Complaint.  *See Issaenko I*, 57 F. Supp. 3d at 1033 ("Whether qualified privilege protects a defendant is therefore appropriately considered at the motion to dismiss stage, where, accepting as true the allegations in the complaint, the existence of privilege is apparent from the face of the complaint."); *see also Clemons*, 585 F.3d at 1124 (finding that a court must apply the same standard of review on a Rule 12(c) motion for judgment on the pleadings as it does on a 12(b)(6) motion to dismiss).  As this Court already held in *Issaenko I*,

(Footnote continued on next page.)

In effect, Issaenko is attempting to re-litigate an issue – qualified privilege – that the Court already decided in *Issaenko I*.  Yet because neither the Second Amended Complaint nor Issaenko's objections provide any viable basis for re-evaluating that determination, the Court declines to revisit it here.

### C.   Scope of Tortious Interference Claim

Issaenko also objects to the R&R on the ground that the Magistrate Judge improperly restricted the scope of her tortious interference claim against LeBien and Lawrenz to their Cell Cycle statements.  Issaenko argues that she made other factual allegations, separate from the Cell Cycle statements, that support her claim.  While the Court finds that the Magistrate Judge did limit his analysis to the Cell Cycle statements, it will nevertheless overrule Issaenko's objection because this error was harmless – her other factual allegations are insufficient to state a claim for tortious interference.

In the R&R, the Magistrate Judge interpreted *Issaenko I* as allowing Issaenko to amend her complaint to add a tortious interference claim against LeBien and Lawrenz **only** to the extent that the claim was based on their Cell Cycle statements.  (R&R at 16.)  Consequently, the Magistrate Judge's entire analysis focused on those communications.  (*See id.* at 12-16.)   But this interpretation of *Issaenko I* was incorrect.  This Court permitted Issaenko to amend her complaint "to include allegations pertinent to the

_____

(Footnote continued.)

the allegations on the face of the Second Amended Complaint unequivocally demonstrate that LeBien and Lawrenz are entitled to qualified privilege.  57 F. Supp. 3d at 1032-35.

tortious interference claim against LeBien and Lawrenz in their individual capacities," and imposed no restriction limiting those allegations to the Cell Cycle statements. *Issaenko I*, 57 F. Supp. 3d at 1038.  And indeed, Issaenko's Second Amended Complaint does include other potentially pertinent allegations:  that LeBien and Lawrenz made false statements to Dr. Rick Rodan of Johns Hopkins University, and that they made those same false statements to the Journal of Molecular Cancer Therapeutics ("JMCT"), causing her to lose economic opportunities.   (Second Am. Compl. ¶¶ 99, 101, 175.) However, as stated above, the Magistrate Judge's failure to consider these allegations has no impact on the outcome of the instant motion.

In *Issaenko I*, the Court explicitly examined Issaenko's allegations that LeBien and Lawrenz made false statements to Dr. Rodan.  The Court determined that Issaenko could not amend her complaint to add a defamation based on those allegations because she had not alleged a defamatory statement within the applicable statute of limitations or, alternatively, she had not alleged that LeBien and Lawrenz did anything more than innocently repeat a statement made by Bazzaro, without knowledge that the statement was defamatory.  *Issaenko I*, 57 F. Supp. 3d at 1031-32.  Issaenko cannot avoid these defenses "by challenging the defamatory statements under another doctrine" such as tortious interference.  *Guzhagin*, 566 F. Supp. 2d at 969.

Although the Court did not consider the JMCT allegations in *Issaenko I*, the same preclusive reasoning applies.  Issaenko's allegations – that LeBien and Lawrenz made false statements to the JMCT – are in essence defamation allegations.  And Issaenko could not state a claim for defamation based on these allegations because she has not

alleged a defamatory statement within the applicable statute of limitations[4] or that LeBien and Lawrenz did anything more than deliver a statement originally made by Bazzaro.[5] Thus, as before, Issaenko cannot rescue this claim by framing it as one for tortious interference.

Issaenko makes one additional allegation that she argues supports her tortious interference claim: LeBien and Lawrenz made false statements to a blog called "Retraction Watch."  But this argument fails for the simple reason that Issaenko has not actually alleged that LeBien and Lawrenz ever made false statements to the blog. Issaenko only alleges that "**Defendant University of Minnesota** . . . provided an 'Official Statement' to the Retraction Watch blog which contained false statements." (Second Am. Compl. ¶ 189 (emphasis added).)  LeBien and Lawrenz cannot be held liable for tortious interference based on a statement they did not make.

---

[4] In the Second Amended Complaint, Issaenko alleges that LeBien and Lawrenz made false statements to the JMCL in the fall of 2011.  However, because she did not commence this action until the winter of 2013, the statements fall outside of the two-year statute of limitations for defamation claims.  *See* Minn. Stat. § 541.07(1) (providing that actions "for libel [and] slander . . . whether based on contract or tort" must be commenced within two years); *Church of Scientology of Minn. v. Minn. State Med. Ass'n Found.,* 264 N.W.2d 152, 154 (Minn. 1978) (applying the 2-year limitations period in Minn. Stat. § 541.07 to a defamation claim and finding that the period "begins to run when the alleged defamatory material is published").

[5] *Church of Scientology of Minn.*, 264 N.W.2d at 156 ("Those who merely deliver or transmit defamatory material previously published by another will be considered to have published the material only if they knew, or had reason to know, that the material was false and defamatory.")

**D.     Failure to Meet-and-Confer**

Issaenko next objects to the Magistrate Judge's recommendation that Defendants' motion for judgment on the pleadings not be denied on the basis of their failure to meet-and-confer.  The Magistrate Judge found that although Defendants likely had not satisfied their meet-and-confer obligation under District of Minnesota Local Rule 7.1, denial of their motion on this ground would be improper because Issaenko had "not alleged any prejudice" and had not offered "some circumstance where she would have agreed not to oppose the instant motion."  (R&R at 10.)  In her objection, Issaenko contends that she had several possible resolutions "in mind" and that she "had a hope that during meet-and-confer meeting with Defendants she could reach some resolution."  (Pl.'s Objs. at 21-23.) Issaenko also raises arguments about the difficulty of being a *pro se* litigant with "limited skills in English," her challenging experiences with "volunteer" and "independent" attorneys, and how Defendants' conduct caused her prejudice.  (*Id.*)  Notably, however, she does not specify what resolutions she had in mind or how she was prejudiced.

Although the Court does not approve of Defendants' failure to meet-and-confer, the Court finds that it is not a basis for denying their motion.  As the Magistrate Judge noted, the purpose of the meet-and-confer requirement is to encourage parties to work together in order to narrow or resolve the dispute presented to the Court.  Issaenko's vague averment that she had possible resolutions in mind and suffered prejudice, or her arguments regarding her status as a *pro se* litigant, are insufficient to show that a meet-and-confer would have actually resulted in the dispute being narrowed or resolved.  Thus,

while the Court admonishes Defendants for failing to comply with local rules, it will overrule Issaenko's objection.

### E.      Other Objections

Issaenko makes several other objections that do not fit into any of the above groupings.  They will accordingly be addressed below.

First, Issaenko argues that the question of whether LeBien and Lawrenz acted with malice – which could defeat the application of qualified privilege to their Cell Cycle statements – is a jury question; she asks the Court to permit discovery on the issue.  But Issaenko overlooks the fact that her complaint contains no allegations that could be construed as showing malice on the part of LeBien and Lawrenz.  Indeed, the Court already addressed this issue in *Issaenko I* – the Court reviewed the Proposed Second Amended Complaint and concluded that it "does not even contain an allegation that LeBien and Lawrenz were angry with Issaenko or were otherwise motivated by ill will." 57 F. Supp. 3d at 1035.  Given that the Second Amended Complaint is identical in all relevant respects to the Proposed Second Amended Complaint, the Court sees no reason to re-evaluate its prior finding.  Moreover, the Court will not allow discovery on a matter that is not plausibly alleged anywhere within the complaint.

Second, Issaenko argues that the Magistrate Judge improperly concluded that (1) she acted dishonestly by attempting to publish her paper in Cell Cycle and (2) LeBien and Lawrenz's Cell Cycle statements served the public interest.  Issaenko, however, misinterprets the Magistrate Judge's findings.  The Magistrate Judge merely found that

LeBien and Lawrenz were entitled to qualified privilege for their Cell Cycle statements because "the statements were based on an effort to protect [the University of Minnesota] and the public from dishonest behavior by Issaenko." (R&R at 14 (quoting *Issaenko I*, 57 F. Supp. 3d at 1034).) The Magistrate Judge did not find that Issaenko was actually dishonest or that the Cell Cycle statements actually protected the public, but instead that LeBien and Lawrenz were entitled to qualified privilege because they were acting to prevent what they had reasonable cause to believe was dishonest behavior that would negatively impact the public. And as the Court already explained in *Issaenko I*, the allegations in the Second Amended Complaint show that LeBien and Lawrenz had such reasonable cause. Defendants had reasonable cause to believe that Issaenko acted dishonestly because they "reviewed the manuscript Issaenko submitted to Cell Cycle and compared each table and figure to materials found in Bazzaro's lab prior to drawing conclusions about the propriety of Issaenko's use of the materials." 57 F. Supp. 3d at 1034 (citing Decl. of Damon L. Ward ("Ward Decl."), Ex. 28, June 5, 2014, Docket No. 41). Furthermore, they had reasonable cause to believe that their statements would protect the public because they were acting to "maintain[] the integrity of academic research." *Id.* The Court will therefore overrule these objections.

Issaenko lastly contends that Bazzaro made defamatory statements that are not barred by the two-year statute of limitations. But this objection is not properly before the Court because the Court already dismissed Issaenko's defamation claim against Bazzaro in *Issaenko I*. *Id.* at 1035-36, 1040.

III.    **CONCLUSION**

For the reasons explained above, the Court finds that LeBien and Lawrenz are entitled to judgment on the pleadings on Issaenko's tortious interference claim. The Court will therefore overrule Issaenko's objections, adopt the R&R to the extent it is consistent with this opinion, and grant the motion for judgment on pleadings to the extent it seeks dismissal of the tortious interference claim against LeBien and Lawrenz.

The Court will also, *sua sponte*, direct the Clerk of Court to terminate all other Defendants – besides Bazzaro in her individual capacity – from this case. In *Issaenko I*, the Court dismissed all claims against all Defendants except for the two claims against Bazzaro – some claims were dismissed with prejudice and others were dismissed without prejudice. *Id.* at 1039-40. The Court also permitted Issaenko to amend her complaint, but **only** to add a tortious interference claim against LeBien and Lawrenz in their individual capacities. *Id.* Instead of complying with this order, Issaenko filed a Second Amended Complaint that re-alleged all claims against all Defendants and also included multiple new Defendants, including all members of the University of Minnesota Board of Regents. (Second Am. Compl.) While Issaenko may be able to re-assert her claims that were dismissed without prejudice or add new Defendants to this action, she cannot do so unless she properly moves to amend her complaint, which she has not done. Accordingly, the Clerk of Court will strike all other Defendants listed in the Second Amended Complaint from this case; the only remaining claims in this action are the tortious interference and promissory estoppel claims against Bazzaro in her individual capacity.

This case will be placed on the Court's next available trial calendar.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Issaenko's objections [Docket No. 107] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated January 25, 2016 [Docket No. 105] to the extent it is consistent with this opinion.    Accordingly, **IT IS HEREBY ORDERED** that:

1.      Defendants LeBien, Lawrenz, and Bazzaro's motion for judgment on the pleadings [Docket No. 77] is **GRANTED in part** and **DENIED in part**, as follows:

      a.      The motion is **GRANTED** with respect to the tortious interference claim against Lawrenz and LeBien and the claim is **DISMISSED with prejudice**.

      b.      Defendants LeBien and Lawrenz are **DISMISSED** from this action.

      c.      The motion is **DENIED** in all other respects.

2.      The Clerk of Court shall strike all Defendants in the Second Amended Complaint [Docket No. 67] from this action, with the exception of Defendant Dr. Martina Bazzaro in her individual capacity.

DATED:  March 31, 2016                                    ___s/ John R. Tunheim___
at Minneapolis, Minnesota.                                    JOHN R. TUNHEIM
                                                                                      Chief Judge
                                                                         United States District Court